Justice Souter,
with whom
Justice Stevens and Justice Ginsburg join, concurring in part and concurring in the judgment.
I agree with the Court that anticipatory warrants are constitutional for the reasons stated in Part II of the Court’s *100 opinion, and I join in the disposition of this case. But I would qualify some points made in Part III.
The Court notes that a warrant’s failure to specify the place to be searched and the objects sought violates an express textual requirement of the Fourth Amendment, whereas the text says,nothing about a condition placed by the issuing magistrate on the authorization to search (here, delivery of the package of contraband). That textual difference is, however, no authority for neglecting to specify the point or contingency intended by the magistrate to trigger authorization, and the government should beware of banking on the terms of a warrant without such specification. The notation of a starting date was an established feature even of the objectionable 18th-century writs of assistance, see, e. g., Massachusetts Writs of Assistance Bill, 1762, reprinted in M. Smith, The Writs of Assistance Case 567-568 (1978); Writ of Assistance (English) of George III, 1761, reprinted in id., at 524-527. And it is fair to say that the very word “warrant” in the Fourth Amendment means a statement of authority that sets out the time at which (or, in the case of anticipatory warrants, the condition on which) the authorization begins.*
An issuing magistrate’s failure to mention that condition can lead to several untoward consequences with constitutional significance. To begin with, a warrant that fails to tell the truth about what a magistrate authorized cannot inform the police officer’s responsibility to respect the limits of authorization, see Groh v. Ramirez, 540 U. S. 551, 560-563, and n. 4 (2004), a failing assuming real significance when the warrant is not executed by the official who applied for it and happens to know the unstated condition. The peril is that if an officer simply takes such a warrant on its face and makes the ostensibly authorized search before the unstated *101 condition has been met, the search will be held unreasonable. It is true that we have declined to apply the exclusionary rule when a police officer reasonably relies on the product of a magistrate’s faulty judgment or sloppy practice, see Massachusetts v. Sheppard, 468 U. S. 981, 987-991 (1984). But when a government officer obtains what the magistrate says is an anticipatory warrant, he must know or should realize when it omits the condition on which authorization depends, and it is hard to see why the government should not be held to the condition despite the unconditional face of the warrant. Cf. Groh v. Ramirez, supra, at 554-555, 563, and n. 6 (declaring unconstitutional a search conducted pursuant to a warrant failing to specify the items the government asked the magistrate permission to seize in part because “officers leading a search team must ‘make sure that they have a proper warrant that in fact authorizes the search and seizure they are about to conduct’ ” (brackets omitted)).
Nor does an incomplete anticipatory warrant address an owner’s interest in an accurate statement of the government’s authority to search property. To be sure, the extent of that interest is yet to be settled; in Groh v. Ramirez, supra, the Court was careful to note that the right of an owner to demand to see a copy of the warrant before making way for the police had not been determined, id., at 562, n. 5, and it remains undetermined today. But regardless of any right on the owner’s part, showing an accurate warrant reliably “assures the individual whose property is searched or seized of the lawful authority of the executing officer, his need to search, and the limits of his power to search.” United States v. Chadwick, 433 U. S. 1, 9 (1977), quoted in Groh v. Ramirez, supra, at 561. And if a later case holds that the homeowner has a right to inspect the warrant on request, a statement of the condition of authorization would give the owner a right to correct any misapprehension on the police’s part that the condition had been met when in fact it had not been. If the police were then to enter any *102 way without a reasonable (albeit incorrect) justification, the search would certainly be open to serious challenge as unreasonable within the meaning of the Fourth Amendment.

Federal Rule of Criminal Procedure 41(e)(2)(A) in fact requires that an issued warrant command the executing officer to “execute the warrant within a specified time no longer than 10 days.”